UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON EUGENE MINCY  
    Plaintiff,

vs.

HAMILTON COUNTY
JUSTICE CENTER, et al.,
    Defendants.

Case No. 1:20-cv-822
Barrett, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on plaintiff's motion to preserve evidence. (Doc. 12). Plaintiff asks the Court to direct defendants to preserve "the cameras/video footage of the assault on me that happened on the 24th of April, 2020 at the Hamilton County Justice Center[.]" (*Id*.). Plaintiff asks that the video footage for the "whole day" and the "log book" be preserved. (*Id*.).

    To the extent that plaintiff seeks to compel the preservation of evidence, plaintiff failed to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1.

There is no indication from plaintiff's motion that he first served requests to preserve evidence on defendants through counsel pursuant to Fed. R. Civ. P. 34, that defendants refused to comply with such requests, or that the parties attempted to resolve any dispute prior to the filing of the motion. Before plaintiff may file any motions in Court, he must contact counsel for defendants in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the extrajudicial means which have been attempted to resolve the differences. Because plaintiff failed to do so in this case, plaintiff's motion to preserve evidence (Doc. 12) is therefore **DENIED**.

    **IT IS SO ORDERED.**

Date: 10/1/2021

Karen L. Litkovitz
Chief United States Magistrate Judge