UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON EUGENE MINCY
    Plaintiff,

vs.

HAMILTON COUNTY
JUSTICE CENTER, et al.,
    Defendants.

Case No. 1:20-cv-822
Barrett, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for reconsideration on the denial of his motions for the appointment of counsel (Doc. 13) and plaintiff's motions for the appointment of counsel (Docs. 20, 31). Plaintiff previously filed two motions for the appointment of counsel (Docs. 5, 6) which were denied (Doc. 9).

In his present motions for reconsideration and appointment of counsel, plaintiff "guarantee[s]" that he will win his case, and that justice will be served, if the Court appoints him counsel. (Doc. 13 at PAGEID 74; Doc. 20 at PAGEID 101). Plaintiff alleges that he needs court appointed counsel because he is being denied his rights to have copies made. (Doc. 13 at PAGEID 75). Plaintiff further alleges that court-appointed counsel will allow plaintiff to fully investigate the reason behind defendants' refusal of service in this matter. (*Id*. at PAGEID 75-76; Doc. 20 at PAGEID 101-04; Doc. 31 at PAGEID 242-43).

As explained previously by the undersigned (Doc. 9), the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not

enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Plaintiff's motion for reconsideration (Doc. 13) and plaintiff's motions for the appointment of counsel (Docs. 20, 31) are therefore **DENIED**.

    **IT IS SO ORDERED.**

Date: 10/1/2021

Karen L. Litkovitz
Chief United States Magistrate Judge