UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON EUGENE MINCY           Case No. 1:20-cv-822
    Plaintiff,                                  Barrett, J.
                                                       Litkovitz, M.J.
    vs.

HAMILTON COUNTY                     **ORDER AND REPORT**
JUSTICE CENTER, et al.,              **AND RECOMMENDATION**
    Defendants.

       Plaintiff, a former inmate at the Hamilton County Justice Center ("HCJC"), brings this civil rights action under 42 U.S.C. § 1983 against HCJC, C/O Wade, C/O Tanni Ruthard, Lt. Murrell, and Nurse Elesson. (Doc. 3). This matter is before the Court on plaintiff's motions for default judgment (Docs. 11, 16), the Court's Order to Show Cause (Doc. 30), and plaintiff's response to the Court's Order to Show Cause (Doc. 32).

       Plaintiff alleges in the motions for default judgment that defendants failed to respond to plaintiff's complaint. (Docs. 11, 16). Plaintiff further alleges that his motions for default judgment should be granted because he "made proper service of a pleading not only seeking relief but for justice [and plaintiff has] followed every rule in the Guide for Pro Se civil litigants and of the Local civil and criminal rules step for step." (Doc. 16 at PAGEID 86).

       Plaintiff is not entitled to an entry of default judgment against defendants. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2). Fed. R. Civ. P. 55(b)(2).

Defendants have not failed to plead or otherwise defend this case because plaintiff failed to perfect proper service of process as required by the Federal Rules of Civil Procedure. The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Gov.*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

A review of the record in this case demonstrates that plaintiff failed to properly perfect service of process. On November 23, 2020, the Court ordered the United States Marshal to serve a copy of the complaint, summons, the Order granting plaintiff leave to proceed *in forma pauperis*, the November 4, 2020 Order, and the November 23, 2020 Order upon all defendants as directed by plaintiff. (Doc. 7). As provided in the U.S. Marshal process receipt and return form, the summons was returned executed as to defendant HCJC but unexecuted as to defendants Lt. Murrell, C/O Tanni Ruthard, C/O Wade, and Nurse Elesson. (Docs. 14, 15, 25; *see also* Doc. 28). On July 21, 2021, the Court granted plaintiff's motion for service of the complaint on defendants (Docs. 27, 28) and ordered that the United States Marshal serve a copy of the complaint, summons, waiver of service of process form, and the July 21, 2021 Order upon C/O Tanni Ruthard, Lt. Murrell, C/O Wade, and Nurse Elesson by regular U.S. Mail, with such mail directed to Kathleen H. Bailey, Chief Assistant Prosecuting Attorney at the Hamilton County Prosecutor's Office. (Doc. 28).

On August 23, 2021, Ms. Bailey conducted an inquiry into the employment status of the defendants and determined that she was unable to accept a waiver of service on any of the named defendants for the following reasons:

> We are unable to accept a waiver of service on any of the named defendants. No one by the name of "Tanni Ruthard" is or has been employed at the Sheriff's Office. It is not possible to deduce whether Wade is a first or last name; we cannot engage in this process without a full name. Regarding "Lt. Murrell", we have no lieutenant by that name, and again, we need a full name to proceed. With respect to "Nurse Elesson", the Hamilton County Sheriff does not employ any nurses, as these individuals are employed by a private entity. We are not the statutory counsel for these individuals and cannot, therefore, waive service on their behalf.

(Doc. 29 at PAGEID 142). Accordingly, on August 26, 2021, the Court ordered plaintiff to show cause, within twenty days of the filing date of the Order, why the complaint should not be dismissed for lack of service upon defendants C/O Tanni Ruthard, Lt. Murrell, C/O Wade, and Nurse Elesson. (Doc. 30).

On September 9, 2021, plaintiff responded to the Court's Order asking that his case not be dismissed. (Doc. 32). Plaintiff alleges that the corrections officers, sheriffs, and police officers in the HCJC "only wear their last name 'only' on their shirts (uniform)" (*Id*. at PAGEID 246), and inmates, such as plaintiff, are only able to identify the employees within the HCJC by their "last name . . . which is always supposed to be located on their uniform on the left side of the breast/chest[.]" (*Id*. at PAGEID 247). Plaintiff contends that "getting a full name of these defendants is beyond me." (*Id*. at PAGEID 247-48). Plaintiff also describes, in detail, the physical characteristics of defendants C/O Wade and Lt. Murrell in an attempt to properly identify the defendants for the Court. (*Id*. at PAGEID 248-49). Plaintiff argues that the camera footage and/or the log sheet and work schedule for the date of the incident would affirmatively establish the names of the defendants. (*Id*. at PAGEID 247, 249).

It is clear, therefore, that plaintiff has not perfected service of process on defendants C/O Wade, C/O Tanni Ruthard, Lt. Murrell, and Nurse Elesson. Default judgment is improper where service has not been effected. *See O.J. Distrib. v. Hornwell Brewing Co., Inc*., 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have

3

jurisdiction to adjudicate the rights of the parties. Therefore, if service of process was not proper, the court must set aside an entry of default.") (citation omitted). Because service was not perfected on defendants, plaintiff's motions for default judgment (Docs. 11, 16) should be **DENIED**.

Plaintiff, however, has taken reasonable steps to learn the identities of the named defendants in the complaint. (*See* Doc. 32). Despite his efforts, plaintiff has not been able to learn their identities. Under these circumstances, dismissal of the unidentified defendants is not proper, but rather plaintiff should be given the opportunity to do limited discovery in order to identify the names of these defendants. *See Murray v. Ohio Dept. of Corr.*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014). As explained by the Court:

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished), 1985 WL 13614, citing *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980). *In accord Downie v. City of Middleburg Hts.*, 76 F. Supp. 2d 794, 801 n. 5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

*Id.* at *4 (quoting *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio Mar. 10, 2009)). Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify the unknown defendants through discovery. *Id.* (citing *Mosby v. Doe,* No. 08-cv-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009)). Sheriff Charmaine McGuffey is in a position to know or determine the identities of the named defendants whom plaintiff has provided only a surname. The Court shall order service of

the summons and complaint on Sheriff Charmaine McGuffey for this limited purpose only. Once the Sheriff is served and has filed a response to plaintiff's complaint, plaintiff shall be permitted to serve discovery on the Sheriff to determine the identity of C/O Wade, C/O Tanni Ruthard, Lt. Murrell, and Nurse Elesson. Upon discovery of the full names of the defendants, plaintiff will be required to amend his complaint to identify them and Sheriff Charmaine McGuffey will be dismissed.

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and this Order upon Sheriff Charmaine McGuffey as directed by plaintiff. All costs of service shall be advanced by the United States. Plaintiff shall be granted leave to proceed against Sheriff Charmaine McGuffey solely for the purpose of conducting discovery to determine the identities of C/O Wade, C/O Tanni Ruthard, Lt. Murrell, and Nurse Elesson. A copy of this Order shall also be sent to Chief Assistant Prosecuting Attorney Kathleen H. Bailey.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motions for default judgment (Docs. 11, 16) be **DENIED**; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/4/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JASON EUGENE MINCY<br>    Plaintiff,<br><br>vs.<br><br>HAMILTON COUNTY<br>JUSTICE CENTER, et al.,<br>    Defendants. | Case No. 1:20-cv-822<br>Barrett, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).