**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JASON EUGENE MINCY                                    Case No. 1:20-cv-822
            Plaintiff,                                        Barrett, J.
                                                              Litkovitz, M.J.
            vs.

HAMILTON COUNTY                                    **REPORT AND**
JUSTICE CENTER, et al.,                            **RECOMMENDATION**
            Defendants.

        This matter is before the Court on defendant Hamilton County Justice Center ("HCJC")'s

motion to dismiss (Doc. 17), plaintiff's response in opposition (Doc. 23), plaintiff's motion to

amend the complaint (Doc. 24), and defendant HCJC's response in opposition (Doc. 26).

**I. Defendant HCJC's motion to dismiss (Doc. 17)**

        Defendant HCJC moves to dismiss plaintiff's complaint on the basis that HCJC

is not *sui juris*, and therefore, is not an entity capable of being sued. (Doc. 17 at PAGEID 93-

94). As best the Court can discern, it appears that plaintiff acknowledges defendant HCJC's

assertion that HCJC is not an entity capable of being sued. (Doc. 23). Plaintiff states, "[i]f the

HCJC can[']t be sued then I[']m Ok with just the HCJC being removed from my civil suit but all

the other defendants still should remain on my civil suit so I can continue to seek justice and

relief[.]" (*Id*. at PAGEID 111). Plaintiff accompanied his response in opposition with a motion

to amend the complaint (Doc. 24) "to pursue who I was posed (sic) to in the first place." (Doc.

23 at PAGEID 111).

        In order to state a viable claim under 42 U.S.C. § 1983, plaintiff must allege facts

showing that he was deprived of "a right secured by the United States Constitution or a federal

statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d

849, 852 (6th Cir. 2003). The Court recommends that defendant HCJC's motion to dismiss be

**GRANTED** because the HCJC is not a "person" or legal entity that can be sued under § 1983. *See, e.g., Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15-cv-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015); *Aladimi v. Hamilton Cty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Report and Recommendation) (finding that the Hamilton County Justice Center was not a person subject to suit), *adopted*, 2020 WL 529585 (S.D. Ohio Feb. 17, 2012); *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)).

## II. Plaintiff's motion to amend the complaint (Doc. 24)

Plaintiff seeks to amend his complaint to include "Hamilton County Sheriff Jim Neil and Hamilton County into [his] civil suit and remove only the Hamilton County Justice Center from [his] civil suit[.]" (Doc. 24 at PAGEID 118). Plaintiff contends that Hamilton County and Sheriff Jim Neil "are responsible for what happens in the building they own and for their employees they hire to work in their building[.]" (*Id*. at PAGEID 119).

In response, defendant HCJC argues that plaintiff's motion to amend should be denied because amendment of the complaint would be futile. (Doc. 26). Defendant HCJC argues that an official capacity claim against Hamilton County Sheriff Jim Neil would be futile because "Jim Neil is no longer the Hamilton County Sheriff and therefore lacks an official capacity." (*Id*. at PAGEID 130). Defendant HCJC further argues that plaintiff's motion to amend should also be denied as futile because "neither his initial complaint nor his Motion to Amend plausibly state a claim for liability against a political subdivision." (*Id*. at PAGEID 131). Defendant HCJC contends that plaintiff fails to allege "that he has suffered a constitutional injury as a result of any

policy, practice, or procedure of the Sheriff . . . [and] there is no allegation that the Sheriff acted with deliberate indifference, or ratified the conduct of an employee." (*Id*. at PAGEID 132).

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, as in this case, he must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co*., 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion to amend the complaint should be denied as futile. First, plaintiff does not include any factual allegations against "Hamilton County Sheriff Jim Neil" in the complaint and apparently seeks to hold "Hamilton County Sheriff Jim Neil" liable upon a theory of *respondeat superior*. However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr*., 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). *See also Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020) ("In this § 1983 setting, as we have already explained, the Supreme Court has rejected *respondeat superior* theories that

3

subject employers like the Hamilton County Sheriff's Office to liability for their employees' actions."). To state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id*. (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has made no such allegation. Accordingly, plaintiff's motion to amend the complaint to include "Hamilton County Sheriff Jim Neil" should be **DENIED** as futile.[1]

Second, to the extent that plaintiff seeks to amend the complaint to include Hamilton County as a defendant, plaintiff's motion to amend should be denied as futile. To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cty*., 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

---

[1] To the extent plaintiff seeks to amend his complaint to include a claim against Hamilton County Sheriff Jim Neil in his individual capacity, plaintiff has likewise failed to allege any facts showing that Hamilton County Sheriff Jim Neil was personally present or had any involvement in the alleged incidents. *See Williamson v. Hamilton Cty. Sheriff*, No. 1:18-cv-569, 2018 WL 7926718, at *2 (S.D. Ohio Sept. 7, 2018), *report and recommendation adopted*, 2019 WL 1492291 (S.D. Ohio Apr. 4, 2019). "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy*, 729 F.2d 416 at 421).

Here, plaintiff has alleged no facts indicating that Hamilton County was acting pursuant to a governmental policy or custom in allegedly violating plaintiff's rights.  Accordingly, plaintiff's motion to amend should be **DENIED** as futile.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Defendant HCJC's motion to dismiss (Doc. 17) be **GRANTED**;

2.  Plaintiff's motion to amend the complaint (Doc. 24) be **DENIED** as futile; and

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  10/4/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JASON EUGENE MINCY                                     Case No. 1:20-cv-822
      Plaintiff,                                       Barrett, J.
                                                     Litkovitz, M.J.

      vs.

HAMILTON COUNTY
JUSTICE CENTER, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).