**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Eugene Mincy,

    Plaintiff,

    v.                                                Case No. 1:20-cv-00822

Hamilton County Justice Center, et al.,         Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on both the Magistrate Judge's October 4, 2021 Order and Report and Recommendation ("R&R") (Doc. 36) and a separate October 4, 2021 R&R (Doc. 38).

No one filed objections to the October 4, 2021 R&R that recommends that Defendant Hamilton County Justice Center's ("HCJC") Motion to Dismiss be granted, Plaintiff's Motion to Amend be denied, and the Court certify that an appeal of any Court order adopting that R&R would not be taken in good faith. (Doc. 38). The Court will thus adopt that R&R.

Sheriff Charmaine McGuffey filed objections (Doc. 39) to the October 4, 2021 Order and R&R that orders Sheriff McGuffey to join this matter for limited discovery purposes, and also recommends that Plaintiff's Motions for Default be denied and the Court certify that an appeal of any Court Order adopting that R&R would not be taken in good faith (Doc. 36). Plaintiff did not respond to the Sheriff's objections and the time to do so has passed. *Cf.* FED. R. CIV. P. 72(b)(2).

## I. STANDARD OF REVIEW

When the Court receives timely objections to a magistrate judge's R&R on a nondispositive matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

## II. BACKGROUND

On October 19, 2020, Plaintiff filed his pro se prisoner civil rights complaint under 42 U.S.C. § 1983. (Doc. 3). Plaintiff listed the following Defendants: the HCJC, Correctional Officer ("C/O") Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson. (Doc. 3 PageID 32). Plaintiff alleges that, on April 24, 2020, while he was a pretrial detainee at the HCJC,[1] several HCJC corrections officers, including Defendants Wade and Tanniruthard, used excessive force against Plaintiff following a dispute over Plaintiff's cell

---

[1] Plaintiff is a former inmate at the HCJC, where the alleged events in this prisoner civil rights lawsuit occurred, and is a current inmate at the Butler County Jail. (Doc. 4).

assignment. (*Id.* PageID 36-40). Plaintiff alleges that HCJC corrections officers, after attempting to ram Plaintiff into a door, slammed Plaintiff into a metal bed while handcuffed and an officer then placed a knee on Plaintiff's neck while other officers simultaneously twisted Plaintiff's wrists, punched Plaintiff, and cut Plaintiff's back with keys. (*Id.*) Plaintiff alleges that Defendants Lt. Murrell and Nurse Elesson denied Plaintiff medical treatment following this incident. (*Id.*). Plaintiff alleges, *inter alia*, that Defendants' conduct amounts to excessive use of force in violation of Plaintiff's constitutional rights. (Doc. 3).

On November 4, 2020, the Magistrate Judge authorized Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915, and, following a review pursuant to the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B) and § 805, 28 U.S.C. § 1915A(b), ordered that Plaintiff's complaint could proceed. (Docs. 2, 4).

On November 23, 2020, the Magistrate Judge ordered the U.S. Marshal to serve[2] the five Defendants. (Doc. 7). Pursuant to that Order, the U.S. Marshal attempted service via certified mail addressed to Defendants at the HCJC. (Docs. 14, 15, 25).

On April 8, 2021, the U.S. Marshal filed proof of service indicating that the summons for Defendant HCJC was executed and the summonses for Defendants C/O Wade, C/O Tanniruthard, and Lt. Murrell were returned unexecuted. (Docs. 14, 15). On June 2, 2021, the U.S. Marshal filed proof that the summons for Defendant Nurse Elesson was returned unexecuted. (Doc. 25).[3]

---

[2] The Magistrate Judged ordered the U.S. Marshal to serve a copy of the complaint, summons, the Order granting plaintiff leave to proceed *in forma pauperis*, and the November 23, 2020 Order on Defendants. (Doc. 7).

[3] The Court assumes that the lengthy periods between the mailing of the five packets and their respective returns were due to the service impacts related to the COVID-19 pandemic on the United States Postal Service and not due to any fault of the U.S. Marshal, Plaintiff, or Defendants.

On July 20, 2021, the Magistrate Judge again ordered the U.S. Marshal to serve[4] C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson. (Doc. 28). Pursuant to that Order, the U.S. Marshal attempted service via regular mail with such mail directed to Kathleen Bailey, the Hamilton County Prosecutor's Office's Chief Assistant Prosecuting Attorney. (Doc. 28).

On August 12, 2021, Bailey responded to the Magistrate Judge. (Doc. 29 PageID 142). Bailey acknowledged the Hamilton County Prosecutor's Office's agreement with the Court regarding requesting waivers of service for pro se and *in forma pauperis* plaintiffs. (*Id.*) Baily stated that, pursuant to that agreement, her office conducted an inquiry[5] into the employment status of C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson. (*Id.*) Bailey stated that her office is "unable to accept a waiver of service on any of the named defendants," is unable "to deduce" whether the given names are first or last names, "cannot engage in this process without a full name," and "need[s] a full name to proceed." (*Id.*) Bailey returned the original summonses unsigned. (Doc. 29).

On August 26, 2021, the Magistrate Judge ordered Plaintiff to show cause why his complaint should not be dismissed for lack of service on C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson. (Doc. 30).

Plaintiff filed a timely response in which he explained that he does not know the first names of C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson. (Doc. 32). He

---

[4] The Magistrate Judged ordered the U.S. Marshal to serve a copy of the complaint, summons, waiver of service of process form, and the July 20, 2021 Order on the remaining Defendants. (Doc. 28).

[5] Bailey did not elaborate on what steps this inquiry involved. *See* (*id.*)

explained that, contrary to her assertions otherwise, Bailey knows that "Wade," "Tanniruthard," "Murrell," and "Elesson" are each last names and HCJC inmates do not know HCJC staff members' first names, as HCJC corrections officers only wear their last names on their uniform shirts, inmates are prohibited from asking staff for their full names, and, if Plaintiff were to ask a staff member, including Defendants, for his or her full name, Plaintiff could be put in confinement or receive a disciplinary ticket for trying to establish a relationship. (*Id.*) Plaintiff asks the Hamilton County Prosecutor's Office to "pull up the log sheet or work schedule for that day and time of the incident" and "see who worked where and when," or provide him with that information and he would be able to pick out the proper Defendants' full names. (*Id.* PageID 247, 249). He maintains that this matter should not be dismissed. (Doc. 32).

After Plaintiff's timely response to the Magistrate Judge's Show Cause Order, Defendant HCJC filed a response in opposition to one of Plaintiff's multiple motions to appoint counsel. (Doc. 33); *see* (Docs. 5, 6, 13, 20, 31). In it, Defendant HCJC asserted that Plaintiff "is still unable to identify the parties allegedly responsible for his injuries to the extent that would allow the Hamilton County Prosecutor's Office to make inquiries[6] regarding waivers of service." (Doc. 33 PageID 253). Defendant HCJC, represented by the Hamilton County Prosecutor's Office, then stated that "identifying the proper parties is . . . not a particularly complex issue." (*Id.* PageID 254).

In the October 4, 2020 Order and R&R, the Magistrate Judge found that Plaintiff has not perfected service on C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson, and

---

[6] Defendant HCJC did not elaborate on what steps such inquiries would involve. *See* (Doc. 33).

Plaintiff's motions for default judgment should thus be denied. (Doc. 36 PageID 263-64); *see* (Docs. 11, 16). The Magistrate Judge also found that Plaintiff has taken reasonable steps to learn the identities of the named Defendants and, despite those efforts, has not yet learned their identities to perfect service. (Doc. 36 PageID 264). The Magistrate Judge found that, under these circumstances, it is proper to give Plaintiff an opportunity to conduct limited discovery to determine the full names of C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson, and it is proper to permit service of the complaint on a high-ranking official who could identify those Defendants through discovery. (*Id.*) (first citing *Murray v. Ohio Dep't of Corr.*, No. 1:14-CV-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014); then citing *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio Mar. 10, 2009); and then citing *Mosby v. Doe*, No. 08-CV-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009)).

The Magistrate Judge ordered service on Sheriff McGuffey, for the limited purposes of discovery, as Sheriff McGuffey is the high-ranking official who can identify C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson for whom Plaintiff has provided last names. (Doc. 36 PageID 264-65). The Magistrate Judge explained that, once Sheriff McGuffey is served and responds[7] to the complaint, Plaintiff can then serve limited discovery on Sheriff McGuffey to determine the identities, *i.e.,* full names, of C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson.[8] (Doc. 36 PageID 265). The Magistrate

---

[7] Sheriff McGuffey may, *inter alia*, waive the right to reply. 42 U.S.C. § 1997e(g)(1).

[8] Plaintiff may, *inter alia*, reiterate his request that the Hamilton County Prosecutor's Office "pull up the log sheet or work schedule for th[e] day and time of the incident" and "see who worked where and when," and provide him with that information. (Doc. 32 PageID 247, 249).

Judge explained that, once Sheriff McGuffey completes the contemplated discovery, Plaintiff will be required to amend his complaint, under Federal Rule of Civil Procedure 15, to include the Defendants' full names and Sheriff McGuffey will be dismissed thereafter. (*Id.*). Sheriff McGuffey, represented by the Hamilton County Prosecutor's Office, objects. (Doc. 39).

Before turning to the analysis section, the Court notes that this is not the first time in which a plaintiff—who is incarcerated, proceeding pro se, proceeding *in forma pauperis*, and suing HCJC staff members[9]—has had issues identifying the full name of a defendant, or defendants, who the plaintiff alleges violated the plaintiff's constitutional rights while incarcerated at the HCJC. *E.g.*, *Gibson v. City of Cincinnati*, Docket No. 1:21-CV-292 (S.D. Ohio); *Adams v. Hamilton Cty. Just. Ctr.*, No. 1:20-CV-601, 2020 WL 7123028, at *4-5 (S.D. Ohio Dec. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-601, 2021 WL 414947 (S.D. Ohio Feb. 5, 2021).

### III. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(c)(3), when a plaintiff is proceeding *in forma pauperis*, the district court must direct that service be effected by a U.S. Marshal, Deputy U.S. Marshal, or other person or officer specifically appointed by the court for that purpose. FED. R. CIV. P. 4(c)(3). Rule 4, though, does not provide guidance regarding a district court's obligation, if any, when the initial attempt to serve process is not effectuated. *Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007).

---

[9] The Court recognizes that Sheriff McGuffey does not directly employ nurses, and the Hamilton County Prosecutor's Office is not statutory counsel for the nurses at HCJC. (Doc. 29 PageID 142). However, Sheriff McGuffey is in a position to know or determine the full names of the medical professionals responsible for the inmates' medical care at the HCJC.

Although a district court is not obligated to actively seek out the name or address of a defendant so that service can be effectuated, a district court may undertake measures to discover the identity and address of an unserved defendant. *Id.* at 443-44; *Olmstead v. Fentress Cty.*, No. 2:16-CV-00046, slip. op. at 2-3 (M.D. Tenn. Oct. 19, 2016); *see, e.g.*, *Parker v. Keller*, No. 2:17-CV-00102, 2019 WL 2125542, at *3 (W.D. Mich. Apr. 22, 2019), *report and recommendation adopted*, No. 2:17-CV-102, 2019 WL 2120262 (W.D. Mich. May 15, 2019) (ordering a corporation, that previously contracted with the Michigan Department of Corrections to provide food services, to provide the U.S. Marshal with the last known addresses of two individual defendants); *Brown v. Mohr*, No. 2:13-CV-0006, 2014 WL 1686194, at *6 (S.D. Ohio Apr. 29, 2014), *report and recommendation adopted as modified*, No. 2:13-CV-006, 2014 WL 5446003 (S.D. Ohio Oct. 24, 2014) (directing defendants to provide the U.S. Marshal with three individual defendants' last known addresses). *But see Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (a plaintiff bears the initial responsibility of identifying a defendant with sufficient particularity for the U.S. Marshal to attempt service); FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties.").

Sheriff McGuffey contends that Plaintiff has not identified the individual Defendants with sufficient particularity, and it is thus improper for the Court to undertake measures to discover the full names of those unserved defendants. (Doc. 39). The Court disagrees. In Plaintiff's requests for assistance with retrieving the Defendants' full names, Plaintiff has supplied the Defendants' respective last names, the date that the alleged events occurred, the approximate time that the alleged events occurred, the specific location in the HCJC where the alleged events occurred, and, for some Defendants, physical descriptions of their

gender, skin color, and weight.[10] (Doc. 3 PageID 32, 36, 38, 39) ("C/O Wade;" "C/O Tanniruthard;" "Lt. Murrell"; "Nurse Elesson"), (Doc. 3 PageID 38) (Plaintiff concedes that the name "C/O Tanniruthard" may be misspelled), (the alleged events occurred on April 24, 2020, at approximately 1:45 PM, in the 51 South Building C-Pod near Cell 36), ("C/O Wade" is a male); (Doc. 23 PageID 114-15) ("C/O Tanniruthard" is a male), ("Lt. Murrell" is an African American female), ("Nurse Elesson" is a female who works in the medical unit); (Doc. 24 PageID 121) ("C/O Wade" weighs over 240 pounds); (Doc. 30 PageID 246-47) (Plaintiff clarifying that the last name "Tanniruthard" is one name, should not be separated as "Tanni Ruthard," and could be just "Ruthard"); (Doc. 32) ("C/O Wade" is African American).

Plaintiff has taken reasonable steps to learn the Defendants' full names to provide the U.S. Marshal will sufficient information to effectuate service. Plaintiff, on more than one occasion, sought assistance from the Court in obtaining Defendants' full names because he was restricted from obtaining Defendants' full names while detained at the HCJC, his motions to appoint counsel were denied,[11] and the Hamilton County Prosecutor's Office's demands Defendants' full names before conducting an inquiry into the employment status of the Defendants. (Docs. 23, 24, 31). Plaintiff's requests for assistance are appropriate in light of the facts of this case, *i.e.*, a case brought by a pro se plaintiff who is proceeding *in forma pauperis*, is currently incarcerated, has identified the individual Defendants with

---

[10] Plaintiff also states that there were three other HCJC corrections officers involved in the alleged incident, separate from the four named Defendants, but that those corrections officers refused to give Plaintiff any portion of their names and did not have their last names identified on their uniform shirts. (Doc. 3 PageID 38, 39) (identifying C/O # 1794 as an involved officer who refused to name himself).

[11] To be sure, the Court finds those denials to be proper.

9

sufficient particularity, and has taken reasonable steps to learn the identities of the named Defendants. *See, e.g.*, *Jessie v. Phaneuf*, No. 5:21-CV-11201, 2021 WL 4078653, at *1 (E.D. Mich. Sept. 8, 2021).

Sheriff McGuffey next argues that the Magistrate Judge lacked jurisdiction to add the Sherriff and inappropriately advocated for Plaintiff by doing so. (Doc. 39). The Court disagrees, as magistrate judges have discretion to allow early, limited discovery to determine the full names of unknown defendants; Sheriff McGuffey should be able to identify the Defendants' full names in light of the information that Plaintiff has supplied; this is "not a particularly complex issue" (Doc. 33 PageID 254); and this method, adding a supervisory defendant to the lawsuit for the sole purpose of identifying the full names of subordinates with alleged liability, is the most expedient option to identify the full names of the remaining Defendants and for the U.S. Marshal to effectuate service of process.

The Court acknowledges that Plaintiff could, among other options, submit a public records request under the Ohio Public Records Act, Ohio Revised Code § 149.43, *et seq.*, to Sheriff McGuffey for the April 24, 2020 log sheet that details the full names of the staff who worked at the HJCJ on that date, or file a motion with the Court for permission to issue a subpoena pursuant to Federal Rule of Civil Procedure 45 for Sheriff McGuffey to produce such an April 24, 2020 log sheet. *See Green v. Woodall*, No. 1:17-0083, slip. op. at 1-2 (M.D. Tenn. Jan. 1, 2018) (ordering the pro se incarcerated plaintiff who was proceeding *in forma pauperis* to submit to the Court "a list of specific requests for documents, information, or questions that are necessary to identify the defendants for the single claim that has been allowed to go forward," and explaining that, "[u]pon the receipt of this list, the Court will direct that a subpoena *duces tecum* issue to the appropriate prison official or agency

regarding this information" and the "Plaintiff will thereafter be given a deadline to amend his complaint."); *cf. Mattox v. Vill. of Geneva on Lake*, No. 1:05-CV-2325, 2006 WL 3762096, at *1 (N.D. Ohio Dec. 20, 2006) (holding that the Ohio Public Records Act "does not provide an absolute privilege against discovery requests in civil litigation."). The Court could also direct the U.S. Marshal to make reasonable efforts to locate the full names of C/O Wade, C/O Tanniruthard, Lt. Murrell, and Nurse Elesson including, but not limited to, the use of publicly available information. *See Morales v. Burke*, No. 5:17-CV-124, slip op. at 1-2 (D. Vt. Mar. 19, 2018).

The Court, however, believes that adding Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants is the more pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint. *See Adams*, 2020 WL 7123028, at *4-5 (McFarland, J.; Bowman, M.J.); *Slocum v. Bear*, No. 1:18-CV-423, 2019 WL 2234227, at *3, 6 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, No. 1:18-CV-423, 2019 WL 2233633 (S.D. Ohio May 23, 2019) (Barrett, J.; Litkovitz, M.J.); *Murray,* 2014 WL 1382401, at *4-5 (Black, J.; Litkovitz, M.J.); *Williams v. Harris*, No. 1:11-CV-362, 2011 WL 3667438, at *4-5 (S.D. Ohio June 15, 2011), *report and recommendation adopted*, No. 1:11-CV-362, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.; Litkovitz, M.J.); *see also Valentin v. Dinkins*, 121 F.3d 72, 76 (2nd Cir. 1997) (recognizing the difficulties that pro se, incarcerated plaintiffs face when trying to identify officer defendants while filing lawsuits pursuant to 42 U.S.C. § 1983); *cf. Odum v. Knox Cty., Tenn.*, 902 F.2d 34 (6th Cir. 1990) ("The county and the sheriff were served with the complaint, which contained sufficient facts for them to discover the correct defendants

with a minimal investigation, all the defendants have been represented by the same counsel, and defendants have alleged no specific prejudice to their defense."); *Berndt v. State of Tenn.*, 796 F.2d 879, 882 (6th Cir. 1986) ("This court has already ruled that [the plaintiff] raised substantially cognizable claims in his complaint. It would be a miscarriage of justice to preclude this *pro se* plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of L[akeshore Mental Health Institute] are the real parties-defendants.").

In sum, the Court holds that the Magistrate Judge's findings of facts and conclusions of law in the October 4, 2021 Order and R&R (Doc. 36) are neither clearly erroneous nor contrary to law. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). As a final matter, Plaintiff is cautioned that he should continue to exercise diligence in attempting to procure additional information regarding the names and addresses of the remaining Defendants, in requesting additional time to serve Defendants, and in monitoring the activity in this case. He is on notice that his failure to do so may result in the dismissal of those Defendants from this action for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## IV. CONCLUSION

It is hereby **ORDERED** that the October 4, 2021 R&R (Doc. 38) is **ADOPTED in its entirety**. Consequently, it is **ORDERED** that Defendant Hamilton County Justice Center's Motion to Dismiss (Doc. 17) is **GRANTED**; Plaintiff's Motion to Amend (Doc. 24) is **DENIED**; and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order adopting that R&R would not be taken in good faith.

It is further **ORDERED** that Sheriff McGuffey's Objections (Doc. 39) are

**OVERRULED** and the October 4, 2021 Order and R&R (Doc. 36) is **ADOPTED in its entirety**. Specifically, it is **ORDERED** that

- the U.S. Marshal serve a copy of the complaint, summons, the October 4, 2021 Order and R&R, and this Order upon Sheriff McGuffey;

- Sheriff McGuffey, within thirty (30) days of the date of the issuance of this Order, shall file a response to Plaintiff's complaint;

- Plaintiff shall then be permitted to serve discovery on Sheriff McGuffey to determine the full names of the unserved Defendants;

- Within thirty (30) days of receipt of the four individual Defendants' full names, Plaintiff must file an amended complaint[12] with the Defendants' full names;

- Once Plaintiff has filed an amended complaint, the Court will screen it and direct the U.S. Marshal to arrange for service of the appropriate papers on Defendants;

- Plaintiff's Motions for Default (Docs. 11, 16) are **both DENIED**;

- the Clerk shall send a copy of this Order to Chief Assistant Prosecuting Attorney Kathleen Bailey; and

- the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order adopting that R&R would not be taken in good faith.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[12] The amended complaint will replace the initial complaint and will not supplement the initial complaint.

13